IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BENNIE T. PINO,

    Petitioner,

vs.                                  No. CV 19-00043 JCH/KK

MESCALERO APACHE TRIBAL COURTS,

    Respondent.

## **MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** is before the Court *sua sponte* under Fed. R. Civ. P. 41(b) on the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by Petitioner Bennie T. Pino (Doc. 1). The Court will dismiss the Petition without prejudice under Rule 41(b) for failure to prosecute this proceeding.

This is one of a number of civil rights and habeas corpus cases filed by Petitioner Pino challenging multiple prosecutions, convictions, and sentences in tribal and New Mexico state courts. *See Pino v. Mescalero Apache Tribal Court,* CV 18-00565 KG/GJF; *Pino v. Giesen, et al.,* CV 18-00292 WJ/GJF; *Pino v. BIA Law Enforcement Mescalero Agency,* CV 18-00759 JCH/GJF; *Pino v. Watchman, et al.,* CV 19-00666 MV/CG; *Pino v. Solice, et al.,* CV 19-00835 MV/GBW; *Pino v. Mescalero Apache Tribal Courts, et al.,* CV 19-00041 RB/JHR. His prior cases have been dismissed on a variety of grounds, including failure to prosecute under Fed. R. Civ. P. 41(b), or have been transferred to Colorado based on improper venue. Several have been dismissed under Rule 41(b) for Pino's failure to keep the Court advised of his proper mailing address. *See e.g.*

1

*Pino v. Mescalero Apache Tribal Court,* CV 18-00565 KG/GJF. The Court takes judicial notice of its records in Pino's cases. *Duhart v. Carlson,* 469 F.2d 471, 473 (10th Cir. 1972).

In *Pino v. BIA Law Enforcement Mescalero Agency*, CV 18-00759 JCH/GJF, the case was dismissed without prejudice under Fed. R. Civ. P. 41(b). At the time it was dismissed, the Court sent Petitioner a form prisoner civil rights complaint under 42 U.S.C. § 1983 and a form petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner Pino filled out the § 1983 form and filed it with the Court to open case no. CV 19-00041 RB/JHR. He filled out and returned the § 2241 form to open this case. (Doc. 1). Although on different forms, the claims asserted are essentially the same and Petitioner sought both damages and habeas corpus relief in both cases. Case CV 19-00041 RB/JHR was previously dismissed under Fed. R. Civ. P. 41(b) for Petitioner's failure to comply with rules, statutes, and Court orders, and failure to prosecute the case.

At the start of these proceedings, Petitioner Pino was incarcerated at the Lincoln County Detention Center. (Doc. 1). During the course of proceedings in this case, mailings to Petitioner Pino at his address of record were returned as undelivered. (Doc. 4, 6, 8). The Court issued an Order to Show Cause on August 20, 2019 directing Pino to notify the Court of a new address, or otherwise show cause why the case should not be dismissed, within 30 days of entry of the Order. (Doc. 7). Petitioner Pino subsequently submitted two notices of changes of address. The first notice indicated he was incarcerated at Central New Mexico Correctional Facility. (Doc. 10). The second listed an address at the Northwestern New Mexico Correctional Facility. (Doc. 11).

Petitioner has not provided the Court with any notice of change of address since he was incarcerated at the Northwestern New Mexico Correctional Facility in October 2019. (Doc. 11). Nor has Petitioner Pino communicated with the Court regarding this case since filing his Motion Granting to Proceed to a Discovery Hearing on February 27, 2020, almost two years ago. (Doc.

13).  Further, mail sent to him in his most recent case, *Pino v. Solice,* CV 19-00835 MV/GBW, was returned as undeliverable on May 17, 2021.  (CV 19-00835 MV/GBW Doc. 8).  New Mexico Department of Corrections records show that he had been released from custody at that time and was on probation.  (CV 19-00835 MV/GBW Docket Text Entry 5/17/2021).  The Court has not been provided with any current address and has not received any communication from him in this or any other case since May 2021.

Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules.  *See Bradenburg v. Beaman,* 632 F.2d 120, 122 (10th Cir. 1980).  The local rules require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court.  D.N.M. LR-Civ. 83.6.  Petitioner Pino has failed to comply with D.N.M. LR-Civ. 83.6 and with the Court's August 20, 2019 Order to Show Cause.

Petitioner Pino has failed to prosecute this action by not keeping the Court apprised of his current address and not communicating with the Court.  The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders.  *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003).  Therefore, the Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to prosecute this proceeding.

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by Petitioner Bennie T. Pino (Doc. 1) is **DISMISSED** without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute.

_____<br>
SENIOR UNITED STATES DISTRICT JUDGE